# United States District Court

__MIDDLE__ DISTRICT OF __LOUISIANA__

```
U. S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FILED  MAY 23 1997

          MARTIN
  CLERK
```

UNITED STATES OF AMERICA
V.
PATRICK D. LOMAS
DARNELL PAYTON
JEFF PAYTON

CRIMINAL COMPLAINT

CASE NUMBER: 97-M2-31

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about __May 22, 1997__ in __Ascension Parish__ xxxxxx, in the __Middle__ District of __Louisiana__ defendant(s) did, xxxxxxxxxxxxxxxxxx conspire with one another to possess with intent to distribute and to distriubte cocaine base (also known as "crack cocaine"), a Schedule II controlled substance; knowingly and intentionally distribute cocaine base (a/k/a "crack cocaine"), a Schedule II controlled substance; attempt to kill another person, with the intent to prevent that person from relaying information about the commission of a federal offense to a law-enforcement agent; and did knowingly use and carry a firearm, during and in relation to a drug trafficking crime as a crime of violence,

in violation of Title __21__ United States Code, Section(s) __846, 841(a)(1)__.
Title 18  United States Code, Sections 2, 1512, 924(c)(1)

I further state that I am a(n) __Special Agent with the__ and that this complaint is based on the following
Official Title
U.S. Drug Enforcement Administration
facts:

*** SEE ATTACHED AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT"

Continued on the attached sheet and made a part hereof:   [X] Yes   [ ] No

Signature of Complainant   LELAND W. SYKES
DRUG TASK FORCE AGENT
Sworn to before me and subscribed in my presence,   U.S. DRUG ENFORCEMENT ADMINISTRATION

__May 23, 1997__   at   __Baton Rouge, Louisiana__
Date                        City and State

CHRISTINE A. NOLAND
UNITED STATES MAGISTRATE JUDGE

Name & Title of Judicial Officer    Signature of Judicial Officer

0008

*AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT*

STATE OF LOUISIANA
PARISH OF EAST BATON ROUGE

Before me personally came and appeared Leland W. Sykes, Drug Task Force Agent with the U.S. Drug Enforcement Administration, who, being first duly sworn and deposed, stated as follows:

1) I have been enforcing drug trafficking statutes for approximately 19 years.

2) On or about May 22, 1997, I was investigating Patrick D. Lomas for possible drug trafficking violations. A cooperating individual was assisting us in the investigation of Patrick D. Lomas. This individual had agreed to purchase cocaine base (also known as "crack cocaine"), from Patrick D. Lomas. This individual had proven his reliability to me by having conducted drug trafficking transactions in the past, while supervised and monitored by law-enforcement agents. This individual has also furnished to law-enforcement officers information about the criminal activities of others which was corroborated by further investigation conducted by the police.

3) On May 22, 1997, this cooperating individual was contacted by Patrick D. Lomas who had

1

agreed to sell cocaine base to this individual.

4) This cooperating individual was armed with an electronic listening device. A law-enforcement agent, assisting me in this investigation, was assigned to monitor this cooperating individual during this upcoming transaction with Patrick D. Lomas. This agent's assignment was to keep me and other agents, who were to conduct the surveillance of this investigation, informed of any developments as these accrued during the upcoming transaction.

5) The cooperating individual was also provided with a small portable cassette to record the upcoming transaction between Patrick D. Lomas and this individual.

6) That same day, on or about May 22, 1997, this cooperating individual traveled to Sorrento, Louisiana, to the residence occupied by Patrick D. Lomas, at or near 631 Everette, Sorrento, Louisiana.

7) Before the meeting, I searched both the cooperating individual and his\her car, and

2

found no controlled substances in his/her possession.

8) I was informed by agents that they saw the cooperating individual headed in the direction of Lomas' residence.

9) The cooperating individual informed a Special Agent, employed by the Drug Enforcement Administration, Baton Rouge, Louisiana, that Patrick D. Lomas had motioned him to the residence, located at or near 631 Everette, Sorrento, Lousiana. Once inside, Patrick D. Lomas showed the cooperating individual, what he/she believed to be a 1/2 ounce of "crack cocaine".

10) This cooperating individual informed this special agent, that once he/she saw the "crack cocaine", he/she furnished Lomas with $400.00. Lomas, in turn, gave the 1/2 ounce of "crack cocaine" to that individual.

11) The cooperating individual continued to relate to the special agent that as he/she was returning to his/her car, Lomas called this person back to the porch. The cooperating

3

individual stopped when he/she reached the fence.

12) While the cooperating individual was at the fence, Lomas accused this person of being an informant for the police. At that point, Jeff Payton, who was at the residence during the drug trafficking transaction, approached that individual and lifted this individual's shirt and saw the electronic listening device.

13) The cooperating individual went on to tell the special agent that both Darnell Payton and Patrick D. Lomas pulled out their respective firearms and pointed them at the cooperating individual.

14) Darnell Payton and Patrick D. Lomas then struggled with the cooperating individual to pull him/her back to the house. During this tussle, Jeff Payton was likewise trying to prevent the cooperating individual from returning to the car.

15) The cooperating individual told this Special Agent that Lomas demanded of him/her that he/she relinquish the tape recording of the recent transaction. As the cooperating

individual pulled the micro cassette recorder from his pocket, Lomas was able to see the "crack cocaine", which the cooperating individual had just purchased from him.

16) Lomas wrested the portable cassette recorder from the cooperating individual hand and while trying to take the bag of "crack cocaine", was successful in taking a portion of it.

17) The agent who was monitoring the electronic listening device has had close to eight (8) years experience in the enforcement of drug trafficking statutes. He has also attended numerous schools in the area of electronic monitoring during undercover drug trafficking transactions. This agent has monitored drug trafficking transactions utilizing the electronic listening device used by the cooperating individual. According to this agent, who was monitoring the transaction, he heard statements made by Lomas and the cooperating individual which led him to believe that this individual was endangered. This Special Agent relayed these concerns during this particular transaction. This led

5

0003  000003

me to send agents to the scene to insure the safety and well-being of the cooperating individual.

19) During the struggle to get the cooperating individual back to the house, Darnell Payton's gun went off, and as a result, Payton was wounded.

20) The "crack cocaine" was field-tested by a law-enforcement agent, who told me that it tested positive for the presence of cocaine, a Schedule II controlled substance.

21) As police officers were arriving at the scene, one law-enforcement officer, familiar with Lomas, told me that he had seen him fleeing the scene carrying a firearm.

Based upon the foregoing, I have reason to believe that Patrick D. Lomas, Darnell Payton, and Jeff Payton committed the following offenses: Conspiracy to possess with intent to distribute and to distribute cocaine base (also known as "crack cocaine"), in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2; Distribution of cocaine base (also known as "crack cocaine"), in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; Tampering with a witness, in violation of 18 U.S.C. § 1512; and Using and carrying a firearm

6

during and in relation to a crime of violence and a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1).

_____
LELAND W. SYKES
DRUG TASK FORCE AGENT
U.S. DRUG ENFORCEMENT ADMINISTRATION

The above and foregoing has been subscribed and sworn to before me on this 23 day of May, 1997.

_____
CHRISTINE A. NOLAND
U.S. MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA