# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

June 24, 2016

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

    No. 16-30585   In re: Patrick Lomas

Enclosed is an order entered in this case.

                      Sincerely,

                      LYLE W. CAYCE, Clerk

                      By: _____
                      Cindy M. Broadhead, Deputy Clerk
                      504-310-7707

Mr. Patrick D. Lomas
Mr. Michael L. McConnell
Mr. Frederick A. Menner Jr.
Mr. Alan A. Stevens

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 16-30585

———————————

In re: PATRICK D. LOMAS,

        Movant

A True Copy
Certified order issued Jun 24, 2016

*Tyle W. Cayce*

Clerk, U.S. Court of Appeals, Fifth Circuit

———————————

Motion for an order authorizing
the United States District Court for the
Middle District of Louisiana, Baton Rouge to consider
a successive 28 U.S.C. § 2255 motion

———————————

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:

    Patrick D. Lomas, federal prisoner # 09630-097, has moved for authorization to file a successive 28 U.S.C. § 2255 motion challenging his 1998 conviction for using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). Relying on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Lomas seeks to argue that he is actually innocent of the § 924(c)(1) conviction because the predicate offense, tampering with a witness in violation of 18 U.S.C. § 1512(b)(3), no longer qualifies as a crime of violence under § 924(c)(3).

    We may authorize the filing of a second or successive § 2255 motion if the movant makes a prima facie showing that his claims rely on either (1) "newly discovered evidence that, if proven and viewed in light of the evidence

as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h); *see* 28 U.S.C. § 2244(b)(3)(C). Lomas argues that *Johnson* applies to the residual clause set forth in § 924(c)(3)(B). We recently held to the contrary. *In re Fields*, No. 16-50521, 2016 U.S. App. LEXIS 11029 (5th Cir. Jun. 17, 2016).

Accordingly, IT IS ORDERED that Lomas's motion for authorization is DENIED.