# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | |
|---|---|
| | CRIMINAL ACTION |
| VERSUS | |
| | NO. 97-42-JWD-RLB |
| PATRICK LOMAS | |

## **RULING AND ORDER**

### I.    Introduction

Defendant Patrick Lomas has appealed the Court's February 20, 2018, order denying his motion to reduce his sentence. (Doc. 244.) The appeal deadline was March 6, 2018. *See* Fed. R. App. P. 4(b)(1)(A). Defendant's appeal was filed on March 26, 2018. (Doc. 248.) It was thus untimely.

Federal Rule of Appellate Procedure 4(b)(4) provides in relevant part: "Upon a finding of excusable neglect or good cause, the district court may . . .extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b). On June 21, 2018, the United States Court of Appeals for the Fifth Circuit remanded Defendant's appeal "for a determination whether the untimely filing of the notice of appeal was due to excusable neglect or good cause" under Rule 4(b)(4).

On October 5, 2018, this Court gave the Defendant twenty-one days to provide what information he could regarding his failure to file the notice of appeal timely. (Doc. 256.) The Court also gave the Government twenty-one days to respond. (*Id.*)

## II. Parties' Arguments

On October 15, 2018, Defendant submitted a sworn letter stating that he received the order on March 16, 2018—after the appeal deadline. Defendant also submitted an unsworn letter from his case agent stating that the letter was received on March 16, 2018.

The Government responded by opposing the Defendant's requested extension. (Doc. 264.) The Government highlights the extensive procedural history of this case and the Defendant's many frivolous pleadings and appeals, all of which, the Government argues, reflects a lack of good faith.

## III. Discussion

### A. Applicable Law

The Court's decision on this issue is reviewed under the abuse of discretion standard. *See Midwest Emp'rs Cas. Co. v. Williams*, 161 F.3d 877, 879 (5th Cir. 1998) (citing *Latham v. Wells Fargo Bank*, 987 F.2d 1199 (5th Cir. 1993)). The Fifth Circuit has described the excusable neglect standard as follows:

> [T]he determination is at bottom an equitable one, taking account all of the relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice . . . , the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Midwest* 161 F.3d at 879.

Additionally, Federal Rule of Criminal Procedure 49(c) provides:

> When the court issues an order on any post-arraignment motion, the clerk must provide notice in a manner provided for in a civil action. Except as Federal Rule of Appellate Procedure 4 (b) provides otherwise, the clerk's failure to give notice does not affect the time to appeal, or relieve—or authorize the court to relieve—a party's failure to appeal within the allowed time.

Fed. R. Crim. P. 49(c). Thus, "[t]he failure of the clerk to give such notice . . . will not permit relief from a party's failure to file an appeal within the time period specified by Rule 4(b)." *United States v. Awalt*, 728 F.2d 704, 705 (5th Cir. 1984). That is, "[l]ack of notice is not a basis for a plea of excusable neglect and does not excuse noncompliance with Rule 4(b)." *Id.* (citing *United States v. Schuchardt*, 685 F.2d 901 (4th Cir. 1982); *Buckley v. United States*, 382 F.2d 611 (10th Cir. 1967)). Thus, in *Awalt*, the Fifth Circuit rejected the defendant's argument that he did not receive a copy of the appealed order, even though the defendant "attributed the clerk's failure to give him notice to his having been transferred from one federal institution to another during [the relevant] time period." *Id.*

### B. Analysis

Defendant's sole basis for justifying his untimely appeal is that he received the Court's order late. However, *Awalt* is clear: Defendant cannot justify his delay by claiming a lack of notice. On this ground alone, Defendant's motion should be denied.

But, even putting this aside, the Court finds that the Defendant's motion should be denied on the equitable grounds articulated in *Midwest*. As explained in the Government's highly persuasive brief, Defendant has a history in this case of frivolous appeals, and the Court believes that the latest appeal was also filed in bad faith and in an effort to unnecessarily protract these proceedings. These factors outweigh those others that may weigh in favor of good cause (relatively short delay outside the Defendant's control). As the Government asserts: "there is no reason to believe that the defendant has any colorable argument to press in this latest appeal, and accepting his untimely notice of appeal will only needlessly send this case back to the Fifth Circuit and extend this litigation further into its third decade." (Doc. 264 at 4.)

3

For all these reasons, the Court finds that Defendant lacked good cause or excusable neglect for failing to file his latest appeal timely.

IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant's March 26, 2018, Notice of Appeal (Doc. 248) is found to be **UNTIMELY**, with no good cause or excusable neglect existing to justify the late filing.

Signed in Baton Rouge, Louisiana, on November 1, 2018.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**