IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIRTH CIRCUIT

RECEIVED
OCT 03 2019
U.S. DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
DEPUTY CLERK

---
App. No. 19-30651
---

Patrick D. Lomas,

Petitioner -Appellant

vs.

United States of America,

Respondant-Appellee

---

On Appeal From The United States District Court
For The Middle District Of Louisiana
U.S.D.C. No. 3:97-CR-42-1

---

Pro-se Brief of Appellant

Patrick D. Lomas
# 09630-097
FCI-Williamsburg
P.O. Box 340
Salters, S.C. 29590

Statement of the Issues

I.

Did the District Court abuse it's discretion when it denied Appellant's Motion seeking a Reduction under Section 404(b) of the First Step Act, and the Fair Sentencing Act.

II.

Did the District Court abuse it's discretion when it reviewed Appellant's § 404(b) Motion under the § 3582 (c)(1)(B) Standard, limiting it's scope.

In The United States Court Of Appeals
For The Fifth Circuit

Patrick D. Lomas,   )

    Petitioner-Appellant,   )

vs.   )   Appeal No. 19-30651

United States of America,   )

    Respondant-Appellee,   )

_____/

Certificate of Interested Persons

Pursuant to rule 26.1-2(a) the following people have an interest in the outcome of this appeal

Robert Piedrahita
Alan Stevens
Joseph K. Scott III
Judge John W. DeGravelles

There are no publicly traded company or any corporations that have an interest in the outcome of this appeal

                                                    Patrick D. Lomas
                                                  Petitioner-Appellant

Statement Regarding Oral Argument

Appellant does not request Oral Argument in this case, the matters can be fairly decided by the pleadings submitted to this court

Statement of Jurisdiction

The United States District Court for the Middle District of Louisiana had jurisdiction over the indictment filed in that district pursuant to 18 U.S.C. § 3231. This court has jurisdiction pursuant to 28 U.S.C. § 1291, 18 U.S.C. § 3742 and F.R.A.P. § 4(b) as this is a final judgment of the United States District Court for the Middle District of Louisiana.

Table of Contents

| | |
|---|---|
| Statement of Issues | i |
| Certificate of Interested Persons | ii |
| Statement Regarding Oral Argument | iii |
| Statement of Jurisdiction | iv |
| Table of Contents | v |
| Statement of the Case and Course of Proceedings | 1-2 |
| Issue Number - 1 | 3-5 |
| Issue Number - 2 | 6-7 |
| Standard of Review | 8 |
| Summary of the Argument | 9 |
| Conclusion | 10 |
| Certificate of Service | 11 |
| Certificate of Compliance | 12 |

## Statement of the Case
## and course of proceedings

Appellant was convicted for distribution of cocaine base (21 USC § 841 (a)(1), Conspiracy to tamper with a witness (18 USC § 371, 18 U.S.C. 2), tampering with a witness (18 USC § 1512 (b), and using and carrying a firearm during and relation to a crime of violence (18 U.S.C. § 924 (c) ((1), On October 14th., 1997 after trial by jury.

Appellant was sentenced to 360 months on Count One distribution of cocaine base, and 60 months each on the remaining countas. count IV using a firearm during and in relation to a crime of violence was designated to run consecutive to the sentences imposed on Counts I,II and III, as per statute, and the total term of incarcertaion totaled 420 months.

The presentence report prepared by the United States Probation Office states that " the drug amount used for calculation was 2.075 kilograms of cocaine base crack cocaine, the amount of relevant conduct calculated in the case. ( PSR, Paragraph 28, as revised January 9th., 1998, Based on the alleged amount of cocaine, the minimum term of imprisonment was 10 years and the maximum term of imprisonment was life imprisonment.. Based on his base offense level of 38, plus two levels for obstruction of justice for a total offense level of 40, and his Criminal History Category of IV, the guideline imprisonment range was 360 months to life. For his crack cocaine convictions, Appellant was sentenced to 360 months. Pursuant to 18 U.S.C. § 924 (c) and 18 U.S.C. § 924 (d), the sixty-months sentence for count IV was run consecutive for a total of 420 months of imprisonment.

Appellant appealed his conviction, the Fifth Circuit affirmed and certiorari was denied. Appellant further sought post-conviction relief, or had filed on his behalf by U.S. probation, a variety of motions for

sentence reductions or re-sentencing, based on changes to the United States Sentencing Guidelines and/or statutory changes regarding sentencing, particularly as regards to the sentence for distribution of cocaine base, those motions have been denied.

Appellant submitted a motion pursuant to § 404 (b) under the First Step Act/Fair Sentencing Act, seeking a reduction of his mandatory minimum.

The district court dismissed/denied Appellant's motion seeking a reduction, based on his prison displinary record which was a violation of his abuse of discretion.

## Issue -1
### Did the District Court Abuse it's Discretion When it Denied Appellant's Motion seeking a Reduction of Sentence pursuant to the First Step Act and the Retroactive Application of the Provisions of the Fair Sentence Act based on vindictive motives which abused it's discretion

The court's arbitrary denial of Appellant's Motion for Reduction of sentence pursuant to the First Step Act and the retroactive application of the provisions of the Fair Sentencing act was an abuse of the court's discretion.

Specifically, all defendant's sentenced before August 3rd., 2010 to the 100-to-1 weight ratio for crack cocaine are eligible for relief under the First Step Act. The Fair Sentencing Act of 2010 was an Act of Congress that was signed into Federal Law by U.S. President Barack Obama on August 3rd., 2010 that reduces the disparity between the amount of crack cocaine and powder cocaine needed to trigger certain federal criminal penalties from 100-to-1 weight ratio to an 18-to-1 weight ratio. The provisions of the Fair Sentencing Act of 2010 applied to all defendants sentenced on or before August 3rd., 2010. The First Step Act signed into Federal Law by President Trump on December 21, 2018 made provisions of the Fair sentencing Act of 2010 applicable to all defendants sentenced for crack cocaine offenses before 2010.

In determining whether a reduction in sentence is warranted for a defendant eligible for consideration, the court must consider the sentence that it would have originally imposed had the First Step Acts provisions, now 18-to-1 weight ratio been in effect at the time of his sentencing.

Appellant was subsequently sentenced to 420 months imprisonment pursuant to a guideline range of 420 months to life with a Criminal History Category of IV and an Offense level of 40.

The Appellant was sentenced pursuant to the 100-to-1 weight ratio, which qualifys him for a sentence reduction pursuant to § 404(b) of the First Step Act which also mandates that Appellant be re-sentenced pursuant

to the 18-to-1 weight ratio. As specifically held by Congress in the First Step Act the appellant was charged with distribution of crack cocaine an unspecified amount of grams of cocaine base and sentenced under 21 USC § 841 (a)(1) under the the 100-to-1 weight ratio, now under the 18-to-1 weight ratio he must be re-sentenced under 21 USC § 841 (b)(1)(C) under the 18-to-1 weight ratio.

The motion allowed the court to reduce the defendants sentence under 21 USC § 841 (b)(1)(C) under the 18-to-1 weight ratio, which was consistant with mandates of the First Step Act of December 21, 2018 and the Fair Sentencing Act of 2010. The court's arbitrary denial of appellants motion of which appellant qualified was a total abuse of discretion.

The court based it's denial of Appellant's motion on the grounds of his prison record pursuant to § 3553(a). Here the court placed significant emphases on his past conduct or disciplinary record but has placed little emphasis on his extroardinary rehabilitation, efforts to improve himself over the course of his incarceration, also the district court has not acknowledged that it has been almost 3 years since his last prison infraction. Appellant has completed the following courses during that time span. See Attached Exhibits

It must be noted that Appellant has been incarcerated for 22 years and his past prison disciplinary record establishes that his infractions equal to approximately 2 per year which is extrordinary considering that the Hostile enviorement that he was placed in., people in society commit more than that during the course of a month.

Several Circuits have considered an individuals prison record and has determined that " although he has some disciplinary history during

his term of imprisonment, his record is not extroardinary compared to other inmates who have served such significant periods of imprisonment." He has participated in and completed several courses while in custody, including drug education, he also obtained his GED in 2008." the Appellant is now almost 46 years old and due to his age, is statistically at a lower risk of recidivism. See U.S. v. Justin D. Powell 360 F. Supp 3d. 134; 2019 U.S. Dist Lexis 44084 (2nd. Cir. 2019) U.S. v. Rhines, 4: 01-CR-310 (M.D. PA June 3 2019); U.S. v. Jason Rose. Junior Robinson 03:CR-1501 (VEC) 2nd., 05-24-2019.

Appellant concludes that the district court not only abused it's discretion when failing to adhere to the Fair Sentencing Act and First Step Act's Congressional mandates, however, the district court has failed to consider and apply the principles of § 3553(a) when reviewing Appellants § 404 (b) motion for reduction of sentence in light of all the facts being presented in this claim, the court should reverse the district court assessment and determination.

The court specifically held that appellant was eligible for a sentence reduction, however, it was not going to grant due to his prior prison act's, and disciplinary record, without taking into account appellants reform acts. efforts, under 3553 (a).

Issue Two
Did the District Court Abuse it's Discretion When it Reviewed
Appellant's § 404 (b) Motion Under The § 3582 (c)(1)(B) Standard
Limiting it's Scope

Section 2 of the Fair Sentencing Act increased the threshold quantities of crack cocaine necessary to trigger mandatory minimum sentences under 21, USC § 841 (b)(1). Pursuant to § 404 (b) of the First Step Act, " a court that imposed a sentence for a covered offense may impose a sentence for a covered offense and may impose a reduced sentence if section 2 of the Fair Sentencing Act were in effect at the time the covered offense was committed."

Section 404 (b) defines " covered offense" as " a violation of a Federal Criminal Statute, the Statutory penalties for which were modified by section 2 or 3 of the Fair sentencing Act of 2010.

Appellant avers that the district court abused it's discretion when it employed an erroneous standard of review ( § 3582 (c)(1)(B), when assessing his § 404 (b) motion seeking relief/reduction under the Fair Sentencing Act.

Section 404 contains clear discretion as to the procedure to be followed in reviewing potential reductions. Under the plain text of Section 404, the court determines whether the defendant is eilgible, See § 404 (a), then determines the statutory range and all other components of the sentence " as if section 2 of the Fair Sentencing Act were in effect at the time. See § 404 (b), and lastly decides whether and to what extent to impose a reduced sentence. See § 404 (b), (c).

Some courts have held that, because First Step Act procedings ostensibly fall under § 3582 (c(1)(B), the scope of the district court's review is as constrained as it's review of motions brought pursuant to § 3582 (c)(1)(A) or § 3582 (c)(2).

Unlike the other three sentence modification provisions, however, § 3582 (c)(1)(B) merely redirects courts to Rule 35 and any other sources of authority

that may exist, without providing any substantive standard of its own.

The authority to modify a sentence if modification is permitted by statute § 3582 (c)(1)(B) is not itself a source of authority for sentence modifications nor does it delineat the scope of what the district court should consider when resentencing is authorized by another provision.

Any substantive limit on the district court's ability to grant a modification. For that reason the scope of a sentencing proceeding authorized by the First Step Act is not constrained by § 3582 (c)(1)(B), to the extent it is applicable, nor would it be helpful, as some courts have done, to analogize to the other modification provisions under § 3582 (c), which are subject to entirely different standards.

Section 404 (b) of the First Step Act contains a broader grant of authority to impose a reduced sentence.

Appellant contends that by the district court applying section 3582 at any stage of his proceedings affetcs his due process rights and affects the integrity of the proceedings.

For these reasons alone the case should be Remanded.

## Standard of Review

The district court's arbitrary denial of a reduction of sentence for one that is qualifying is viewed under the Abuse of Discretion Standard.

Summary of the Argument

The district court viewed appellant's motion for reduction of sentence pursuant to the First Step Act, and held that he was one that was eligible for a sentence reduction under the First Step Act, however, based on it's abuse of discretion Denied appellant's motion for reduction of sentence based allegedly on his prior disciplinary record. where during the instnat 22 years in prison appellants disciplinary infractions equal to approximately two (2) per year. The court failed to take into consideration that appellant has and continues to reform and demonstrated throught institutional programs succeded see the attached programs completed to self reform.

Appellant seeks this courts assistance in having a fair and honest hearing and he therefore, asks that this Honorable Court vacate his sentence and Remand for further proceedings that are consistant with the provisions of the First Step Act and The Fair Sentencing Act.

## Conclusion

Appellant concludes that in the interest of justice and fairness, this Honorable Court should reverse and remand the district court's denial of his § 404 (b) motion pursuant to the Fair Sentencing Act and the First Step Act and Remand his case back to the district court with instructions to apply or reduce the mandatory minimum as was intended by Congress.

Respectfully submitted this 30th day of September 2019.

s/ *Patrick D. Lomas*

Certificate of Service

Appellant hereby certifies that a copy of the foregoing instrument has been forwarded to the below listed individuals Via U.S. Mail delivered to the Institutional Mail Room.

Respectfully submitted this 30th day of September 2019

Robert Piedrahita
Alan Stevens
Joseph K. Scott III
Judge John W. DeGravelles

s/ Patrick D. Lomas
Patrick D. Lomas
Reg. No. 09630-097
FCI-Williamsburg
P.O. Box 340
Salters, SC 29590

11.

Certificate of Compliance

In compliance with the requirements of this Certificate this brief does not exceed 30 pages, the typewriter being employed is a IBM, the font size being employed is 12 pitch, and the word count is less than whats required.

Respectfully submitted this 30th day of September 2019

s/ Patrick A. Laurel

Mr. Patrick D. Lomas
#09630-097
FCI Williamsburg
P.O. Box 340
Salters, SC 29590



SCREENED
OK
U.S. MARSHAL

LEGAL MAIL

United States District Court
Middle District of Louisiana

⇔09630-097⇔
Clerks Office
777 Florida ST. Suite 139
Baton Rouge, LA 70801
United States

Sent Out on: 9/30/19



The enclosed letter was processed through special mail procedures for forwarding to you. The letter was neither opened nor inspected. If the writer raises a problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another address, return the enclosure to the above address.

Date: 9/30/14
FCI/SCP WILLIAMSBURG
P O BOX 520
SALTERS, SC 29590

Mail Officer

MAIL